**Meirong HAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73414.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.[*]

Decided Aug. 4, 2005.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Meirong Hao, Monterey Park, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM **

Meirong Hao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. Because petitioner was arrested for harboring a fugitive, and there is no evidence that she was arrested based on a political opinion or membership in a particular social group, she fails to present evidence compelling the conclusion that she was persecuted on account of an enumerated ground. *See id.* at 482–84, 112 S.Ct. 812 (holding that guerrilla group's attempt to recruit alien did not establish persecution based on political opinion); *Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002) (holding that alien must show that the persecutors imputed a political opinion to him and that there was no such evidence showing that guerrillas attacked alien's home based on political opinion).

Because petitioner failed to demonstrate that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

Petitioner also fails to establish a CAT claim because she did not show that it was more likely than not that she would be tortured if she was returned to China. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.